NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FEDERATED MUTUAL INSURANCE
COMPANY, a/s/o MIKE ZYNDORF,
LLC,

              Plaintiff,

    v.

CITY OF OCEAN CITY, N.J.,

              Defendant.

Civ. No. 19-21405

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by Defendant City of Ocean City, N.J. ("Defendant"). (ECF No. 7.) Plaintiff Federated Mutual Insurance Company ("Plaintiff") opposes. (ECF No. 8.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 7) is denied.

## BACKGROUND

On January 27, 2017, Defendant entered into a Rental Agreement with Mike Zyndorf, LLC ("Zyndorf"), a rental car company, for the lease of a truck. (Compl. ¶ 8, ECF No. 1; Rental Agreement, Ex. A, ECF No. 1-2.) Pursuant to the Rental Agreement, Defendant agreed to "defend at its own expense, indemnify and hold [Zyndorf] harmless for any and all damages, losses, claims, costs and expenses (including reasonable attorney's fees) incurred by [Zyndorf] as

1

a result of any injury to person, life or property" caused by the leased truck. (Rental Agreement ¶ 15.) At all relevant times, Plaintiff provided commercial insurance to Zyndorf. (Compl. ¶ 2.) The insurance policy gives Plaintiff "the right to seek indemnification and reimbursement from third parties who may have liability for the losses paid on behalf of its insured." (*Id*. ¶ 16.)

On February 8, 2017, the rental truck caught fire while being driven by Richard Hardin, an employee of Defendant. (*Id.* ¶ 11.) On June 2, 2017, Plaintiff sent a letter informing Defendant that Hardin had obtained representation related to the injuries he sustained, and requesting indemnification and defense coverage. (*Id.* ¶ 13; June 2017 Letter, Ex. D, ECF No. 7-7.) Defendant allegedly did not respond. (Compl. ¶ 13.) On February 2, 2018, Hardin filed suit against Zyndorf in New Jersey Superior Court for alleged injuries from the incident ("Hardin Action"). (Compl. ¶ 12; Hardin Compl., Ex. C, ECF No. 7-6.) On August 26, 2019, the parties in the Hardin Action reached a settlement agreement. (Compl. ¶ 14; General Release, Ex. G, ECF No. 7-10.) Pursuant to the agreement, Hardin released Zyndorf and Plaintiff from "any and every claim, demand, right or cause of action" in any way related to the February 8, 2017 incident, and Plaintiff agreed to pay Hardin $700,000. (General Release ¶¶ 1, 7.) Defendant did not participate in the Hardin Action. (Compl. ¶ 17.)

Plaintiff filed the present Complaint on December 16, 2019 seeking (1) indemnification of the costs incurred by Plaintiff in defending the Hardin Action and for costs in the present action (*id.* ¶¶ 19–22), and (2) breach of contract for Defendant's alleged failure to indemnify Plaintiff pursuant to the Rental Agreement (*id.* ¶¶ 23–27.) On March 23, 2020, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claims are barred under New Jersey's entire controversy doctrine. (Mot. to Dismiss at 7–11, ECF No. 7.) On April 1, 2020, Plaintiff filed an Opposition. (ECF No. 8.) On April 13, 2020, Defendant filed a Reply. (ECF No. 9.) Defendant's

2

Motion to Dismiss is presently before the court.

## LEGAL STANDARD

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review on a Rule 12(b)(6) motion to the pleadings, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material without converting the motion to dismiss" into a motion for summary judgment, *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). This includes "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp.*

*Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted); *See also In re Rockefeller*, 184 F.3d at 287 (internal citations omitted) (noting that a court may consider documents "integral to or explicitly relied upon in the complaint" and documents that are "undisputedly authentic").

## DISCUSSION

**I.      Exhibits Outside of the Pleadings**

As a preliminary matter, Plaintiff argues that the Court cannot consider Exhibits C, D, E, F, and G attached to Defendant's Motion to Dismiss because they are materials outside of the pleadings. (Opp'n at 4–5, ECF No. 8.) Plaintiff does not contest the Court's consideration of Exhibits A and B, which contain the Rental Agreement and a copy of the Complaint, respectively. (Ex. A, ECF No. 7-4; Ex. B, ECF No. 7-5.) The Court will examine whether each exhibit can properly be considered at the motion-to-dismiss stage.

Exhibit C contains the complaint filed in the Hardin Action. Because Plaintiff is seeking indemnification of the costs and settlement from the Hardin Action, the Hardin complaint is integral to Plaintiff's claims. Exhibit D is a copy of Plaintiff's June 2, 2017 letter to Defendant. This letter is explicitly relied upon in the Complaint, and therefore the Court may consider it. (*See* Compl. ¶ 13.) Exhibit E is a February 14, 2018 letter from Plaintiff to Qual-Lynx seeking indemnification from Defendant. (ECF No. 7-8.) This letter is not relied upon in the Complaint, is not integral to the claims, and is not a matter of public record, such that it must be excluded from the Court's consideration. The same is true of Exhibit F, which is an email from Qual-Lynx responding to the February 14, 2018 letter. (ECF No. 7-9.) Finally, Exhibit G is the General Release between Hardin, Zyndorf, and Plaintiff. This document, which sets forth the settlement terms of the Hardin Action, is integral to and explicitly relied upon in the Complaint. (*See*

4

Compl. ¶ 14.) Accordingly, the Court will consider all of Defendant's exhibits except for Exhibits E and F in reviewing the Motion to Dismiss.

## II. New Jersey Entire Controversy Doctrine

The entire controversy doctrine is "essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Codified in New Jersey Court Rule 4:30A, the doctrine provides in pertinent part:

> Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . .

N.J. Ct. R. 4:30A. Under the doctrine, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)).

In determining whether a claim should be barred, "the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions." *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)). Additionally, the entire controversy doctrine applies "only when a prior action based on the same transactional facts has been tried to judgment or settled." *U.S. ex. rel. Charte v. Am. Tutor, Inc.*, 934 F.3d 346, 352 (3d Cir. 2019) (quoting *Arena v. Borough of Jamesburg*, 706 A.2d 790, 792 (N.J. Sup. Ct. App. Div. 1998)). The entire controversy doctrine is "constrained by principles of equity" and does not bar claims "where to do so would be unfair in the totality of the circumstances and would not promote any of its objectives, namely, the promotion of conclusive determinations, party fairness, and judicial

5

economy and efficiency." *Id.* (citations omitted). Thus, the doctrine's "application is flexible, with a case-by-case appreciation for fairness to the parties." *In re Mullarkey*, 536 F.3d at 229.

While the New Jersey Supreme Court previously applied the doctrine to require joinder of parties as well as claims, *see, e.g.*, *Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1178–79 (1989), the Court subsequently "authorized the elimination of mandatory party joinder under the entire controversy doctrine," *Ctr. For Prof'l Advancement v. Mazzie*, 347 F. Supp. 2d 150, 155–56 (D.N.J. 2004) (citing *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 867 (N.J. 2002)). Accordingly, mandatory party joinder now exists only "in special situations involving both inexcusable conduct . . . and substantial prejudice to the non-party resulting from omission from the first suit." *Id.* at 156 (quoting Sylvia B. Pressler, Current N.J. Court Rules 4:30A cmt. 1 (2002)).

      A.    *Relationship to the Hardin Action*

While the Hardin Action involved the same factual basis as the present suit—the February 8, 2017 incident in which the rental truck caught on fire—the issues in the two actions are not identical. The Hardin Action focused on Zyndorf's negligence in failing to maintain the truck (Hardin Compl. ¶¶ 28–39), whereas the present action centers on the indemnification provision in the Rental Agreement. Still, the entire controversy doctrine is intended to be broad and does not require a "commonality of legal issues" between the two actions. *Wadeer*, 110 A.3d at 27. Accordingly, the Court finds that the two actions generally arise out of the same facts.

Additionally, the Hardin Action resulted in a final judgment. The General Release discharged any claims that Hardin asserted or could have asserted against Zyndorf and Plaintiff (General Release ¶ 1) and required that Hardin submit a stipulation of dismissal with prejudice (*id.* ¶ 8). A joint stipulation of dismissal with prejudice was filed on October 17, 2019. *See*

Stipulation of Dismissal, N.J. Super. Ct., Civil Part, Dkt. No. CPM-L-000045-18.[1] "A judgment entered with prejudice pursuant to a settlement is a final judgment on the merits for the purposes of res judicata." *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 507–08 (E.D. Pa. 2018) (citation omitted); *see also Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) ("Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion.").

Because the present suit has an overlapping factual basis with the Hardin Action, the entire controversy doctrine may bar claims in the present case that could have been brought between the parties to the Hardin Action. However, Defendant was not a party to the Hardin Action. Therefore, the entire controversy doctrine does not apply, unless Defendant can demonstrate inexcusable conduct and substantial prejudice resulting from its omission from the Hardin Action. *See Mazzie*, 347 F. Supp. 2d at 156.

B.     *Inexcusable Conduct and Substantial Prejudice*

"The concepts of inexcusable conduct and substantial prejudice are interrelated such that the existence of substantial prejudice will often serve to render the underlying conduct inexcusable." *Id.* at 156 (citing *Hobart Bros. Co. v. Nat'l Union Fire Ins. Co.*, 806 A.2d 810, 817 (N.J. Super. Ct. App. Div. 2002)). Substantial prejudice "means that a person not joined in an earlier action will be seriously harmed in his or her ability to maintain an adequate defense in a subsequent action." *Id.* (citing *Mitchell v. Charles P. Procini, D.D.S., P.A.*, 752 A.2d 349, 354 (N.J. Super. Ct. App. Div. 2000)). Delay alone does not serve to create substantial prejudice, but

---

[1] On a motion to dismiss, the Court "may take judicial notice of another court's opinion—not for the truths of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted).

loss of witnesses, loss of evidence, and fading memories may. *Id*. (citing *Mitchell*, 752 A.2d at 354).

Defendant has not asserted any form of inexcusable conduct by Plaintiff in failing to join Defendant to the Hardin Action. There is no indication that the failure to join Defendant "reflected a strategy of piecemeal litigation" or was otherwise purposeful and deliberate. *See id.* at 157; *cf. Mitchell*, 719 A.2d at 204 (concluding that the entire controversy doctrine applied where there was a purposeful and deliberate strategy by the plaintiff to pursue piecemeal litigation). Additionally, the June 2, 2017 letter demonstrates that Defendant was aware that Hardin would file a lawsuit, and Defendant had notice of Plaintiff's intent to seek indemnification. (*See* Ex. D.)

Defendant has also failed to demonstrate substantial prejudice. Defendant argues that it is severely prejudiced because it was not able to participate in any of the discovery in the Hardin Action, such that "[w]itnesses may not be available, access to the damaged dump truck for expert evaluation may be impossible, and other written documentation may be unavailable." (Mot. to Dismiss at 10.) However, Defendant's claims as to the unavailability of witnesses and documents are merely speculative. Additionally, Defendant does not explain how discovery related to the negligence action would impact the present case, which centers on the terms of the Rental Agreement. Plaintiff also notes that the examination of the rental truck and the related report and findings were performed by Defendant's own fire department, and that "potential material witnesses [Defendant] may wish to depose . . . are likely employed by [Defendant]." (Opp'n at 9.) Accordingly, Defendant has not sufficiently demonstrated prejudice, and Plaintiff's claims are not barred by the entire controversy doctrine.

## **CONCLUSION**

      For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) is denied. An appropriate Order will follow.

Date: <u>July 31, 2020</u>　　　　　　　　　　*/s/ Anne E. Thompson*　　　　
　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.

9